UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON T. BLASCO,

    Plaintiff,

    v.      CAUSE NO. 3:22-CV-707-RLM-MGG

LEAHANNE IVERS, et al.,

    Defendants.

OPINION AND ORDER

Jason T. Blasco, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Blasco is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Blasco is incarcerated at Miami Correctional Facility ("MCF"). He alleges that in August 2021, he was diagnosed with Stage 1 cancer. Although it is not entirely clear from his allegations, it appears he has bladder cancer.[1] He claims that he had been

---

[1] The court notes that Mr. Blasco's handwriting is difficult to decipher in places, but the court has made every effort to give his allegations liberal construction.

complaining about pain and "severe issues" for several months, but was not taken to an outside hospital until his family members had a doctor call the prison. In November 2021, he had surgery to remove cancerous tumors.

When he returned, he had some type of "medical emergency" and was taken back to the outside hospital, where he remained for four days. When he returned to the prison again, he was placed in a regular dormitory. He asked several times to be housed in a medical unit, and eventually was transferred to the infirmary but remained there only one week. He is currently housed in a "lock down unit" rather than a medical unit, and claims he is not getting some of the medications prescribed by his outside physician, including pain medications. He states that he has filed grievances and medical requests but to no avail. He also claims that he showed "nurses" that he had blood in his urine. He claims that his cancer has now progressed to Stage 3 and he may have to have his bladder removed. He further states that the cancer has spread to his lungs. Based on these events, he sues Leanne Ivers, who he identifies as the "Director of Medical"; Lyn Lees, who holds an unspecified position in the medical unit; and Dr. Kuenzli (first name unknown), a physician at the prison. He seeks monetary damages and a transfer to a medical unit so that his condition can be properly monitored and treated.

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must allege (1) he has an objectively seriously medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a

physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the prisoner must show that the defendant acted with deliberate indifference. *Estelle*, 429 U.S. at 104. This is a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to prove an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Additionally, inmates are "not entitled to demand specific care." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). Nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id*. Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 ( citation and internal quotation marks omitted). At the same time, a prisoner is not required to show that he was "literally ignored" to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an

3

inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted).

It is evident from Mr. Blasco's allegations that he has a serious medical need, namely, cancer. On the subjective prong, the events he describes are disturbing, but he does not mention the three named Defendants anywhere in the narrative section of the complaint. Many of his allegations are quite general, and it is not clear what role, if any, these individuals played in his medical care, what information they were aware of, and what treatment decisions they made. He states that these Defendants are "in charge" of providing care, but liability under 42 U.S.C. § 1983 is based on personal responsibility, and these Defendants cannot be held liable solely because they work in the prison medical unit or because they supervise other medical staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). He has not stated a plausible deliberate indifference claim against the three named Defendants.[2]

Nevertheless, his complaint can be read to seek injunctive relief related to his ongoing need for medical care. He asks to be given the medications ordered by his outside doctor (including pain medications) and for a transfer to a medical unit or a medical facility where he can be properly monitored and treated. Mr. Blasco does not have a constitutional right to demand specific types of care, but the complaint can be read to allege that the treatment he is currently receiving is not adequately addressing his pain and other symptoms. The Warden of MCF has both the authority and the

---

[2] If Mr. Blasco believes he can state a deliberate indifference claim against these Defendants by adding additional factual content, he is free to file an amended complaint.

4

responsibility to ensure that inmates at his facility are provided constitutionally adequate medical treatment as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Mr. Blasco will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for injunctive relief related to his ongoing need for a medical transfer and treatment.

It can be discerned that Mr. Blasco claims to be in need of injunctive relief while this case is pending, and the court will treat the complaint as a request for a preliminary injunction. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, ---F.4th---, 2022 WL 3152596, at *3

(7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.* On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

"Mandatory preliminary injunctions" requiring the defendant to take affirmative acts—such as transferring an inmate or providing him with additional medications—are viewed with particular caution and are "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted). In light of these considerations, the court will order the Warden to respond before taking further action on the motion.

For these reasons, the court:

(1) DIRECTS the clerk to add the Warden of Miami Correctional Facility as a defendant;

(2) GRANTS the plaintiff leave to proceed against the Warden in his official capacity for injunctive relief related to his ongoing need for constitutionally adequate medical care for cancer required by the Eighth Amendment;

6

(3) DISMISSES all other claims;

(4) DISMISSES Leeanne Ivers, Lyn Lees, and Dr. Kuenzli as defendants;

(5) DIRECTS the clerk to separately docket the complaint as a motion for a preliminary injunction;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of Miami Correctional Facility at the Indiana Department of Correction and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to fax or email a copy of the same documents to the Warden of Miami Correctional Facility at the Miami Correctional Facility;

(8) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(9) ORDERS the Warden of Miami Correctional Facility to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **September 30, 2022**, with supporting documentation and declarations from staff as necessary, addressing the status of the plaintiff's medical condition and his current need for additional care and/or a transfer to a medical unit; and

(10) ORDERS the Warden of Miami Correctional Facility to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 2, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT