UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON T. BLASCO,

    Plaintiff,

    v.                       CAUSE NO. 3:22-CV-707-RLM-MGG

WARDEN OF MIAMI
CORRECITONAL FACILITY,

    Defendant.

## ORDER

Jason T. Blasco, a prisoner without a lawyer, was granted leave to proceed against the Warden of Miami Correctional Facility in his official capacity on a claim for injunctive relief related to his ongoing need for constitutionally adequate medical care. Mr. Blasco later notified the court that he was transferred to New Castle Correctional Facility on September 2, 2022. The court ordered him to show cause why his claim for injunctive relief against the Warden of Miami Correctional Facility shouldn't be dismissed as moot. Mr. Blasco has responded to the order, and acknowledges that he is unlikely to return to Miami Correctional Facility anytime in the near future and that his claim for injunctive relief against the Warden of Miami Correctional Facility can be dismissed. *See* Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996). The Warden likewise agrees that the claim is moot. Accordingly, the claim against the Warden will be dismissed as moot, and Mr. Blasco's motion for a preliminary injunction related to the medical care he was receiving at Miami Correctional Facility will be denied as moot.

Mr. Blasco states in his filing that he wants to file an amended complaint to allege a claim for damages against the Warden in his personal capacity, as well as claims against certain individuals who provided him medical care at Miami Correctional Facility.[1] He believes that medical staff failed to properly treat his cancer, and that the Warden's decision to transfer him to segregation delayed his treatment and caused his cancer to spread. He requests additional time to prepare an amended complaint due to his medical condition, as he recently had emergency surgery. In the interest of justice, the court will grant this request. *See* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). For his convenience, the clerk will send him the form he should use. He should answer every question on the form to the best of his ability and provide a factual basis for his claim against each defendant.

Finally, within this same filing he requests that the court "order a public defender to represent his best interest in this case." (ECF 11 at 2.) This isn't a criminal case, and Mr. Blasco has "no right to court-appointed counsel in federal civil litigation." Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014) (citing Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007)). In appropriate circumstances, the court can recruit a volunteer attorney to represent an indigent litigant in a civil case. Pruitt v. Mote, 503 F.3d at 654. When confronted with such a request, the court should make the following inquiries: "(1) has the indigent plaintiff made a reasonable attempt to

---

[1] The original complaint contained claims against members of the prison's medical staff, but he didn't sufficiently allege deliberate indifference by any of these individuals. (ECF 4 at 4.)

obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id*.

Mr. Blasco doesn't outline what efforts he has made, if any, to try to find an attorney to take this case. He has medical issues, but so far, he has shown himself to be a capable and attentive litigant. He was able to respond to the court's recent order regarding mootness, and his filing is cogently argued and neatly present. It appears he can make some effort to try to find an attorney on his own. So the court will deny his request for counsel, but he many renew it after he contacts at least 5 attorneys to request that they represent him in this case. He must wait at least 30 days for any responses, and should list the names of the attorneys he contacted in any renewed motion. Any renewed motion should also address his education level, litigation history, and any specific barrier he faces in litigating this case on his own.

For these reasons, the court:

(1) DISMISSES the claim against the Warden of Miami Correctional Facility as moot;

(2) DENIES the plaintiff's motion for a preliminary injunction (ECF 5) as moot;

(3) DENIES the plaintiff's request for appointment of counsel (ECF 11) without prejudice as outlined in this order;

(4) DIRECTS the clerk to place this case number on a blank **Prisoner Complaint (INND Rev. 8/16)** form and send it to the plaintiff;

(5) GRANTS the plaintiff until **December 5, 2022** to file an amended complaint if he so chooses; and

(6) CAUTIONS the plaintiff that if he does not file an amended complaint by December 5, this case is subject to dismissal without further notice for lack of prosecution.

SO ORDERED on October 27, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT